MICHAEL MALFATTO, PLAINTIFF-APPELLANT, v. MARTIN GOLDFLIES, IRVING OPPERMAN, PARAMOUNT MAR-KETS, INC., A CORPORATION OF NEW JERSEY, AND KINGS FOOD MARKET, INC., A CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Submitted May 1, 1945—Decided August 21, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the plaintiff-appellant, *Klein & Klein* (*Seymour Klein,* of counsel).

For the defendants-respondents, *Cox & Walburg* (*William Cox,* of counsel).

The opinion of the court was delivered by

Brogan, Chief Justice. The plaintiff appeals from a judgment entered on verdict directed by the learned trial judge in favor of Paramount Markets, Inc. Suit for his personal injuries had been instituted by the plaintiff against four defendants, Goldflies, Opperman, Paramount Markets, Inc., a corporation, and Kings Food Market, Inc., a corporation. A judgment of nonsuit was entered in favor of the last named defendant. From that judgment there is no appeal. The plaintiff had judgment for his injuries against Irving Opperman.

One point only is urged on this appeal—that the direction of verdict in favor of the defendant Paramount Markets, Inc., was erroneous.

These are the facts: Goldflies and Opperman were employees of the defendant Paramount Markets, Inc. Opperman owned a light delivery truck which was used on occasions to deliver merchandise to the customers of the employer. On the evening of January 17th, 1942, at about nine o'clock, John Schenk, an employee of Kings Food Market, Inc., an adjoining establishment, wished to go to a bus terminal in the City of Newark to catch a bus for Somerville; Opperman permitted the use of his delivery truck for that purpose and it was driven by Goldflies. About that time the plaintiff was crossing Broadway at or near the intersection of Halleck Street—a matter of a block or two from the place of business of Paramount Markets, Inc.—when he was struck and injured by the Opperman truck.

The important phase of this case is whether Goldflies, at the time of the accident, was driving the car on the business of his employer, Paramount Markets, Inc., and, further, if he had started out on such mission for the benefit of his employer, whether he had in fact deviated therefrom.

Opperman, called as plaintiff's witness, testified to having permitted Goldflies to use his truck to carry Schenk to the bus station but that, additionally, he said: "Stop off and deliver this order at Whelan's Drug Store." It is the fact that this drug store was a customer of Paramount Markets, Inc.; that it sells food—sandwiches and the like—to its

patrons and that its location is adjacent to the place where the accident occurred, to wit, the southwest corner of Broadway and Halleck Street. Opperman's subsequent testimony, both on direct and cross-examination, throws considerable doubt on whether or not he had in fact directed Goldflies to deliver an order to the drug store. But, according to this testimony, that he had so instructed Goldflies, full credit, nevertheless the testimony of Goldflies on this important point is precise and unequivocal, that he did not undertake any such delivery errand for the employer. Whether he had been so instructed becomes unimportant in the light of his unimpeached testimony that he had no intention of stopping at Whelan's Drug Store either on his way to or his return from the bus station, which was a considerable distance further than this store. Schenk testified that Opperman instructed Goldflies to take him (Schenk) to the bus station and that nothing else was said by Opperman to Goldflies at that time.

With the testimony in this posture on this element of the case, we think the court was correct in directing a verdict for the defendant Paramount Markets, Inc. It was not the owner of the truck, consequently there was no presumption that the vehicle was in its possession or under its control or that of its agent. Assuming that Opperman did direct Goldflies to deliver food products to the Whelan Drug Store at the time he undertook to drive Schenck to the bus station, the uncontradicted evidence of the defendant is that Goldflies did not engage in the accomplishment of this errand and consequently the vehicle was not in use for the benefit of the defendant employer. Compare *Okin* v. *Essex Sales Co.,* 103 *N. J. L.* 217; *affirmed,* 104 *Id.* 181; *Shefts* v. *Free,* 105 *Id.* 577. The case cited as authority for the proposition that the evidence in this case raised a fact issue requiring the determination of the jury, namely, *Dunne* v. *Hely et al.,* 104 *Id.* 84, is not apt.

Our conclusion is that there was no issue of fact or logical inference arising out of this testimony that required the court to submit this particular issue to the jury. The judgment is consequently affirmed, with costs.